IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                         No. CR 15-0066 JB

VICTOR CASTELLON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Amended Presentence Report, filed August 11, 2015 (Doc. 29)("Objections"). The Court held a hearing on August 12, 2015. The primary issue is whether a 2-level enhancement under U.S.S.G. § 2G1.3(b)(2)(A) applies, because, when Defendant Victor Castellon exchanged text messages with a law enforcement officer whom he believed to be a twelve-year-old female, Castellon misrepresented his age by saying that he was forty-five years old when he was, in fact, fifty-one years old. The Court concludes that, in this circumstance, the 2-level enhancement under U.S.S.G. § 2G1.3(b)(2)(A) does not apply. The Court, therefore, will sustain Castellon's objection to the 2-level enhancement under U.S.S.G. § 2G1.3(b)(2)(A).

## FACTUAL BACKGROUND

The Court draws its presentation of the facts from the Defendants' Plea Agreement, filed May 4, 2015 (Doc. 23)("Plea Agreement"). In the Plea Agreement, Castellon declared to the following facts to be true:

> On or about September 17, 2014, the Defendant responded to a Craigslist notice that appeared to be posted by a minor female child. Unbeknownst to the Defendant, the posting was made by an undercover law enforcement agent posing as a child. The initial communication from the Defendant travelled through the internet to the Craigslist servers, which are located outside the state of New

Mexico. From on or about September 17, 2014, to on or about September 18, 2014, the Defendant engaged in text message conservations with the "minor," utilizing a cellular telephone that was manufactured in China. During these conversations, the Defendant learned that the "minor" was twelve years old. Eventually the Defendant initiated conversation regarding the possibility of having a sexual relationship with the "minor," and on September 18, 2014, the Defendant suggested an in-person meeting, in Bernalillo County New Mexico, where he was taken into custody. After his arrest, the Defendant waived his Miranda Rights[1] and made a statement to law enforcement admitting that he believed he was meeting a minor child for the purpose of engaging in sexual activity.

Plea Agreement ¶ 8, at 3-4.

## PROCEDURAL BACKGROUND

After a federal Grand Jury indicted Castellon on one count of attempted coercion and enticement, he pled guilty. The United States Probation Office ("USPO") disclosed a PSR, which applied a 2-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(A). Castellon objected to that enhancement, and the USPO responded.

### 1. Indictment and Plea.

On January 5, 2015, a federal Grand Jury indicted Castellon on one count of attempted coercion and enticement "[i]n violation of 18 U.S.C. § 2422(b) and N.M. Stat. Ann. § 30-9-11 (1978)." Indictment at 1, filed January 8, 2015 (Doc. 2). On May 4, 2015, Castellon pled guilty to that charge. See Plea Agreement ¶ 3, at 2. Castellon represents that his plea "is freely and voluntarily made." Plea Agreement ¶ 24, at 9.

### 2. Presentence Investigation Report.

The United States Probation Office ("USPO") disclosed Presentence Investigation Report

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966). See also Berghuis v. Thompkins, 560 U.S. 370 (2010)("In sum, a suspect who has received and understood the *Miranda* warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police.").

at 1, on July 8, 2015 ("PSR").  Under U.S.S.G. § 2G1.3, the PSR calculates the base offense level for a violation of 18 U.S.C. § 2422(b) to be 28.  PSR ¶ 20, at 5.  The PSR then applies a 2-level enhancement for specific offense characteristics, because "[t]he defendant exchanged text messages with a presumed 12 year old female and persuaded her to engage in sexual acts including oral and vaginal sex."  PSR ¶ 21, at 6.  The PSR next applies an enhancement under U.S.S.G. § 4B1.5, stating that "the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction."  PSR ¶ 26, at 6.  "Therefore," the PSR calculates, "the offense level is 37."  PSR ¶ 26, at 6.  The PSR then applied a 2-level downward adjustment under U.S.S.G. § 3E1.1(a) and a 1-level downward adjustment under U.S.S.G. § 3E1.1(b), because Castellon accepted responsibility and timely notified his intention to enter a plea of guilty.  See PSR ¶¶ 27-28, at 6.  Consequently, the PSR calculated the total offense level to be 34.  See PSR ¶ 29, at 6.

The PSR details Castellon's criminal history, which includes a conviction for "Transportation of Minors; Engaging in Illicit Sexual Conduct in Foreign Places," PSR ¶ 32, at 6-7, and calculates a criminal history category of V, see PSR ¶ 35, at 8 (citing U.S.S.G. § 4B1.5).  The PSR states that, "[b]ased on a total offense level of 34 and a criminal history category of 5, the guideline imprisonment range is 235 months to 293 months."  PSR ¶ 71, at 14.  The PSR also advises that the minimum term of imprisonment is 10 years.  PSR ¶ 70, at 14 (citing 18 U.S.C. § 2422(b)).

On August 10, 2015, the USPO disclosed an amendment to PSR ¶ 21, at 6.  See Memorandum re: Victor Castellon, Case No. 1:15CR00066-001JB, Changes to Presentence Report, disclosed August 10, 2015 ("PSR Amendment").  As amended, PSR ¶ 21, at 6, provides:

> After further review it was determined that the Specific Offense Characteristic of USSG §2G1.3(b)(2)(B) that was applied does not apply as application note in

> Application of subsection (b)(2): 3(B) states that Undue Influence of a minor does not apply if the only "minor" involved is an undercover law enforcement officer.
>
> However, Specific Offense Characteristic of USSG §2G1.3(b)(2)(A) does apply because the defendant stated he was a 45 year old male and in reality he was 51 years old at the time of the offense. Therefore, the offense involved knowing misrepresentation of a participant's identity to persuade, influence, entice[,] coerce or facilitate the travel of a minor to engage in prohibited sexual conduct.

PSR Amendment at 1. The PSR Amendment also states that "the total offense level is not affected by this change and remains the same." PSR Amendment at 1.

### 3. Castellon's Objections.

Castellon objects "to the new enhancement pursuant to §2G1.3(b)(2)(A) in the Amended Presentence Report." Objections at 1. Castellon states at the outset, however,

> due to the fact that the sentencing guidelines will remain unaffected and that Mr. Castellon requests the Court impose a sentence of 10 years pursuant to Fed.R.Crim.P. 11(c)(1)(C), the Court may not have to resolve the objection pursuant to Fed.R.Crim.P 32 and §6A1.3.

Objections at 1. See id. ¶ 6, at 3 ("Pursuant to Fed.R.Crim.P. 32(i)(3)(B), the Court may find that the ruling on the objection is not necessary because it does not affect the sentencing . . . . [I]t will not affect the guidelines calculation."). Nevertheless, Castellon presents an argument for this objection to the U.S.S.G. § 2G1.3(b)(2)(A) 2-level enhancement. See Objections ¶¶ 1-5, at 1-2.

Castellon argues that, when promulgating U.S.S.G. § 2G1.3(b)(2)(A), the Sentencing Commission was concerned with "material misrepresentations that would induce the minor to act, when they would not if the truth was known." Objections ¶ 4, at 2. Castellon provides the examples of an adult pretending to be: (i) a fellow teenager; or (ii) a little league baseball coach. See Objections ¶ 4, at 2. Castellon then argues that "[l]ying about where you fall within the spectrum of middle age is not a misrepresentation that can support enhancement under §2G1.3(b)(2)," because "there is nothing about the misrepresentation that would gain the

additional trust of the child . . . ." Objections ¶ 4, at 2. Castellon further contends that Castellon's false statement that he was forty-five, instead of fifty-one, had no effect upon the hypothetical minor. See Objections ¶ 5, at 2. Castellon also notes that "[p]ersonal vanity does not support the enhancement." Objections ¶ 5, at 2. Castellon then requests that the Court adopt the plea agreement and impose a sentence of 10 years -- "the low end of the range of the plea agreement." Objections ¶ 7, at 3.

### 4. USPO's Response.

The USPO responds to the Objections in the USPO's Addendum to the Presentence Report at 1-2, disclosed August 11, 2015 ("Addendum"). The USPO states that Castellon "misrepresented his identity, specifically his age by telling the alleged 12 year old that he was 45 years old." Addendum at 1. The USPO argues that the enhancement under U.S.S.G. § 2G1.3(b)(2)(A) applies if the misrepresentation includes "a participant's name, age, occupation, gender, or status," so long as misrepresentation was made to persuade or facilitate the travel of a minor to engage in unlawful sexual conduct. Addendum at 1 (emphasis in original). The USPO argues that the specific offense characteristic provided by U.S.S.G. § 2G1.3(b)(2)(A) applies, because, "[i]n the text message exchange, after the defendant claims he is 45 years old, he proceeds to persuade . . . the alleged 12 year old to engage in prohibited sexual conduct." Addendum at 2.

**LAW REGARDING THE BURDEN OF PROOF REQUIRED FOR ENHANCEMENTS UNDER THE GUIDELINES**

In Apprendi v. New Jersey, 530 U.S. 466, (2000)("Apprendi"), the Supreme Court of the United States reaffirmed the principle that it is permissible for sentencing judges "to exercise discretion -- taking into consideration various factors relating both to offense and offender -- in imposing judgment within the range prescribed by statute." 530 U.S. at 481. The Supreme

Court of the United States cautioned, however, that the Constitution of the United States of America limits this discretion and that the Sixth Amendment to the Constitution requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court elaborated on its holding in Apprendi, stating that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis omitted)(citations omitted)(internal quotation marks omitted). In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that, because the sentencing guidelines are no longer mandatory, "Apprendi does not apply to the present advisory-Guidelines regime." United States v. Ray, 704 F.3d 1307, 1314 (10th Cir. 2013). See United States v. Booker, 543 U.S. at 259 ("[W]ithout this provision [of the Guidelines statute] -- namely, the provision that makes the relevant sentencing rules mandatory and imposes binding requirements on all sentencing judges -- the statute falls outside the scope of Apprendi's requirement.")(alterations omitted)(internal quotations marks omitted). The Supreme Court has recently held that the requirements in Apprendi apply to facts that increase a defendant's mandatory minimum sentence. See Alleyne v. United States, -- U.S.--, 133 S. Ct. 2151, 2155 (2013).

In United States v. Magallanez, 408 F.3d 672 (10th Cir. 2005), the United States Court of Appeals for the Tenth Circuit held that Blakely v. Washington and United States v. Booker had not changed the district court's enhancement-findings analysis. See United States v. Magallanez, 408 F.3d at 684-85. United States v. Magallanez involved plain-error review of a drug sentence in which a jury found the defendant, Magallanez, guilty of conspiracy to possess with intent to

distribute and to distribute methamphetamine. See 408 F.3d at 676. As part of its verdict, the jury, through a special interrogatory, attributed to the defendant 50-500 grams of methamphetamine; at sentencing, however, the judge -- based on testimony of the various amounts that government witnesses indicated they had sold to the defendant -- attributed 1200 grams of methamphetamine to the defendant and used that amount to increase his sentence under the Guidelines. See 408 F.3d at 682. The district court's findings increased the defendant's Guidelines sentencing range from 63 to 78 months to 121 to 151 months. See 408 F.3d at 682-83. The Tenth Circuit stated that, both before and after Congress' passage of the Sentencing Reform Act, "sentencing courts maintained the power to consider the broad context of a defendant's conduct, even when a court's view of the conduct conflicted with the jury's verdict." 408 F.3d at 684. Although United States v. Booker made the Guideline ranges effectively advisory, the Tenth Circuit in United States v. Magallanez reaffirmed that "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before." 408 F.3d at 685 (citation omitted).

The Tenth Circuit, while "recognizing 'strong arguments that relevant conduct causing a dramatic increase in sentence ought to be subject to a higher standard of proof,'" has "long held that sentencing facts in the 'ordinary case' need only be proven by a preponderance." United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008) (quoting United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993)).[2] "[T]he application of an enhancement . . . does not implicate

---

[2]Although the Tenth Circuit stated in United States v. Washington that "the issue of a higher than a preponderance standard is foreclosed in this circuit," 11 F.3d at 1516, the Tenth Circuit has since classified its holding as leaving "open the possibility that due process may require proof by clear and convincing evidence before imposition of a Guidelines enhancement that increases a sentence by an 'extraordinary or dramatic' amount," United States v. Ray, 704 F.3d at 1314 (quoting United States v. Olsen, 519 F.3d at 1105). See United States v. Olsen, 519 F.3d at 1105 (affirming the use of the preponderance-of-the-evidence standard for sentencing

- 7 -

the Supreme Court's holding in Apprendi v. New Jersey." United States v. Reyes-Vencomo, No. CR 11-2563 JB, 2012 WL 2574810, at *3 (D.N.M. June 26, 2012)(Browning, J.). The Tenth Circuit applies Apprendi's requirement that a fact be submitted to a jury only where the fact would increase a defendant's sentence "above the statutory maximum permitted by the statute of conviction." United States v. Price, 400 F.3d 844, 847 (10th Cir. 2005). Accord United States v. Ray, 704 F.3d at 1314. A defendant may assert an error under Apprendi only where the fact at issue increases his sentence beyond the statutory maximum. See United States v. O'Flanagan, 339 F.3d 1229, 1232 (10th Cir. 2003)(holding that a defendant could not assert an error under Apprendi, because "his sentence does not exceed the statutory maximum"); United States v. Hendrickson, 592 F. App'x 699, 705-06 (10th Cir. 2014)(unpublished)[3](holding that, after

---

facts that increase a sentence in the "'ordinary case'")(quoting United States v. Washington, 11 F.3d at 1516). The Tenth Circuit has not yet found that an "extraordinary or dramatic" instance warrants a higher standard of proof for certain facts that enhance a defendant's sentence. United States v. Olsen, 519 F.3d at 1105 (explaining that it need not determine whether a higher standard of proof is required to sentence a defendant for committing perjury in relation to a grand jury investigation, because the enhancement did not require the district court to determine that the defendant committed murder, but only that he obstructed a homicide investigation). See United States v. Constantine, 263 F.3d 1122, 1125 n.2 (10th Cir. 2001)(affirming a preponderance-of-the-evidence standard for facts that enhance a defendant's offense level 4 levels); United States v. Valdez, 225 F.3d 1137, 1143 n.2 (10th Cir. 2000)(rejecting the defendant's argument that a dramatic increase in a sentence because of a sentencing judge's finding of additional amounts of methamphetamine associated with acquitted charges entitled the defendant to a clear-and-convincing evidence standard at sentencing, and noting that the Tenth Circuit "foreclosed by binding precedent" this argument); United States v. Washington, 11 F.3d at 1516 (holding that a district court need not find by any more than a preponderance of the evidence the amount of cocaine a defendant distributed, even though its findings increased the defendant's sentence from twenty years to consecutive forty-year terms). See United States v. Tobanche, 115 F. Supp. 3d 1339, 1352 (D.N.M. 2015)(Browning, J.), aff'd, 643 F. App'x 781 (10th Cir. 2016), cert. denied, 137 S. Ct. 139 (2016).

[3]United States v. Hendrickson is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

Alleyne v. United States, 133 S. Ct. 2151, "[i]t is well-established that sentencing factors need not be charged in an indictment and need only be proved to the sentencing judge by a preponderance of the evidence"). As the Court has noted:

> The Court explained that, although the decision of the Supreme Court of the United States in Alleyne v. United States . . . expands the rule from Apprendi . . . to cover facts that increase the mandatory minimum sentence, as well as the maximum sentence, it does not prohibit district judges from continuing to find advisory sentencing factors by a preponderance of the evidence . . . .

United States v. Cervantes-Chavez, 59 F. Supp. 3d 1295, 1315 (D.N.M. 2014)(Browning, J.)(citations omitted). See United States v. Tobanche, 115 F. Supp. 3d at 1350-52.

## ANALYSIS

The Court will sustain Castellon's objection to PSR ¶ 21. Section 2G1.3(b)(2)(A) of the United States Sentencing Guidelines provides for a 2-level enhancement "if . . . the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(A). Application Note 3 states:

> The misrepresentation to which the enhancement in subsection (b)(2)(A) may apply includes misrepresentation of a participant's name, age, occupation, gender, or status, as long as the misrepresentation was made with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct. Accordingly, use of a computer screen name, without such intent, would not be a sufficient basis for application of the enhancement.

---

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Hendrickson has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 9 -

U.S.S.G. § 2G1.3(b)(2)(A), cmt. n.3.

The USPO states that § 2G1.3(b)(2)(A) should apply, because, when Castellon exchanged text messages with a law enforcement officer whom he believed to be a twelve-year-old female, he misrepresented his age by saying that he was forty-five years old when he was, in fact, fifty-one years old. <u>See</u> Addendum at 1. The Court disagrees. For § 2G1.3(b)(2)(A) to apply, the defendant must have made his misrepresentation "with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(A), cmt. n.3. United States Courts of Appeals have therefore upheld the § 2G1.3(b)(2)(A)'s application where the defendant's misrepresentations were clearly aimed at overcoming a minor's reluctance to engage in sex with an older man. <u>See</u>, <u>e.g.</u>, <u>United States v. Watkins</u>, 667 F.3d 254, 264 (2d Cir. 2012)(upholding application of § 2G1.3 where the defendant -- after telling minor female that he was 38 when he was in fact 48 -- said that "it's only [a] twenty years [age difference], it's common for couples"); <u>United States v. Holt</u>, 510 F.3d 1007, 1009-11 (9th Cir. 2007)(upholding application of § 2G1.3(b)(2)(A) where forty-five-year-old male defendant stated that he was a nineteen-year-old college student when chatting online with a thirteen-year-old female). The United States Court of Appeals for the Eighth Circuit has likewise upheld § 2G1.3(b)(2)(A)'s application where the defendant misrepresents his job or marital status to induce a minor to travel to engage in sexual conduct. <u>See</u>, <u>e.g.</u>, <u>United States v. Young</u>, 613 F.3d 735, 748-49 (8th Cir. 2010)(concluding that § 2G1.3(b)(2)(A) applied where the defendant -- who was a band teacher -- "told Emily that he worked as an engineer after Emily stated that she disliked band," and "told Emily that he was not married, although in reality, he had a wife and three children").

Neither the United States nor the USPO has presented any evidence that Castellon

misrepresented his age "with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(A), cmt. n.3. To the contrary, Castellon said in the text messages that he knew he was too old for her, see Addendum at 1, and the law enforcement officer posing as the minor in this case apparently said that she did not care about Castellon's age, see PSR ¶ 12, at 4. By all accounts, their text-message conversation focused exclusively on when the two could spend time together, Castellon's sexual preferences, and the purported minor's lack of sexual experience. See PSR ¶¶ 13-14, at 4. There is no evidence that Castellon tried to use his misrepresented age to convince the minor to spend time with him, and he did not try to explain why the gap between their ages was insignificant. Simply put, Castellon's misrepresentation of his age appears to be a mere act of vanity.

United States v. Grauer, 701 F.3d 318 (8th Cir. 2012), is instructive. There, the defendant, among other things, misrepresented that his age was "like 49" instead of fifty eight. 701 F.3d at 326. The Eighth Circuit said that, "[i]f the sole focus of our inquiry was on Grauer's single age misrepresentation . . . we would have significant doubt whether that representation was made with the intent to entice that the § 2G1.3(b)(2)(A) enhancement requires." 701 F.3d at 326. Instead, the Eighth Circuit looked to the defendant's other misrepresentations -- that he was an engineer who "designs energy stuff to save the earth," that he had several young girlfriends who "enjoyed sexual activity with him," and that he had chatted with a girl who was the minor's age who said that having sex with an older man was "a wonderful thing" -- to uphold the district court's application of § 2G1.3(b)(2)(A). 701 F.3d at 326 (internal quotation marks omitted). Unlike the defendant in United States v. Grauer, Castellon's sole misrepresentation was that he was forty-five instead of fifty-one. Absent any evidence that Castellon made this statement with

the intent to "persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct," U.S.S.G. § 2G1.3(b)(2)(A), cmt. n.3, his statement represents nothing more than a mere act of vanity. Accordingly, a 2-level enhancement under § 2G1.3(b)(2)(A) is unwarranted, and the Court will sustain Castellon's objection to PSR ¶ 21.

**IT IS ORDERED** that the Defendant's Objections to the Amended Presentence Report, filed August 11, 2015 (Doc. 29), is sustained.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Damon P. Martinez
   United States Attorney
Sarah Jane Mease
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

John Van Butcher
   Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

   *Attorney for the Defendant*